Dennis **ROTHENBECKER,**
Sr., Plaintiff

v.

Michael J. **ASTRUE, Commissioner**
of Social Security, Defendant.

No. 4:09–CV–1079.

United States District Court,
M.D. Pennsylvania.

Feb. 1, 2011.

Thomas D. Sutton, Levantha, Sutton & Gornstein, Trevose, PA, for Plaintiff.

Dennis Charles Pfannenschmidt, U.S. Attorney's Office, Harrisburg, PA, for Defendant.

## ORDER

MUIR, District Judge.

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

The above-captioned action was one seeking review of a decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Dennis Rothenbecker, Sr.'s application for social security disability insurance benefits. We previously entered an order remanding the case to the Commissioner for further proceedings. Upon remand, Plaintiff was awarded $135,000 in retroactive Social Security disability benefits and $33,853.00 (25%) was withheld by the Commissioner for attorney's fees. On November 11, 2010, counsel for Plaintiff filed a motion for attorney's fees in the amount of $28,853.00. The Commissioner on December 15, 2010, filed a document entitled "Defendant's Response to Counsel's Motion for Attorney Fees Under 42 U.S.C. § 406(b)" in which he requests that Plaintiff's counsel only be awarded between $9,760.00 and $14,640.00 in attorney's fees. The Commissioner argues that a downward adjustment is appropriate because the amount requested is out of proportion to the time spent by counsel on the case. In this case there was a contingent fee agreement which provided for a fee of 25% of the amount recovered.

On December 20, 2010, the counsel for Plaintiff filed a reply brief. After being granted leave to do so, the Commissioner filed a sur-reply brief on January 19, 2011. Consequently, the motion for attorney's fees is ripe for disposition.

Counsel for Plaintiff in the reply brief states in pertinent part as follows:

[T]he Court should be aware that the total amount of past-due benefits in this case is not yet known, as the Commissioner has not yet calculated and awarded the past-due benefits for Plaintiff's son. Upon information and belief the additional past-due benefits will be at least $18,483.20. Therefore, the total past-due benefits for Plaintiff and his son will be at least $153,000 when the Commissioner completes his work on this case.

There are several reasons why the Commissioner's response to the fee petition is misguided. First, the Commissioner's position takes no account of the fact that the amount requested by counsel here is not the 25% of past-due benefits for which Plaintiff and counsel contracted at the outset of representation; rather it is $28,853.00, which constitutes approximately 21% of the past-due benefits payable to Plaintiff. Thus, counsel has already exercised billing judgment in the fee request. Moreover, once counsel reimburses Plaintiff for the $4,326.38 fee which the Court awarded pursuant to the Equal Access to Justice Act ("EAJA") on March 15, 2010, the net fee Paid by Plaintiff for counsel's services in this case if the motion is granted ($24,525.62) will be approximately 18% of the past-due benefits. Finally, once past-due benefits for Plaintiff's son are calculated and awarded, the fee Mr. Rothenbecker would pay if this motion were granted would amount to 16% of the total past-due benefits payable to Plaintiff and his dependent. This is a very substantial reduction from the fee to which Plaintiff and counsel agreed at the outset of representation, and this reduction supports the reasonableness of the fee requested.

Second, the Commissioner's position fails to acknowledge the outstanding results achieved by counsel on behalf of Plaintiff, whose claim had been denied not once but twice by an ALJ by the time counsel was retained. Thus, counsel "had to fashion arguments for rever-

sal based on an unfamiliar record he had no role in creating." ...

Plaintiff's Reply Brief, pp. 1–3. Contingent fee contracts present the risk that an attorney will never be compensated for the time expended in working on a case. Additionally, even when a contingent fee case is successful, payment of the fee is delayed until after the case is resolved. Indeed, the Court of Appeals for the Seventh Circuit has noted that "[w]ithout the greater incentive for attorneys to take these cases stemming from the potential for an enhanced fee payment, claimants who have difficult cases and who cannot afford to guarantee payment might not be able to secure representation." *McGuire v. Sullivan*, 873 F.2d 974, 980 (7th Cir.1989) (citing *Coup v. Heckler*, 834 F.2d 313, 324 (3d Cir.1987)).

In the sur-reply brief the Commissioner does not address the arguments of Plaintiff's counsel set forth in the portion of the reply brief quoted above. The Commissioner argues that a downward adjustment of the fee requested is warranted because the fee requested is large in comparison to the amount of time spent on the case. The Commissioner further argues that it is unfair to require a disabled individual to pay more than twice the prevailing market rate for his attorney's services.

The Court of Appeals for the Sixth Circuit has held that an "hourly rate that is less than than twice the standard rate is per se reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir.1990); see also *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir.2009) (en banc)(awarding effective hourly rate of $902). In this case it is undisputed that counsel for Plaintiff has over 25 years of experience and that his non-contingent hourly rate is $400.00. It is also undisputed that the actual hours spent by Plaintiff's counsel on this case were 24.2. An award of attorney's fees in the amount of $28,853.00 with counsel reimbursing Plaintiff $4326.38, amounts to an effective hourly rate of $1013.50 which is more than twice counsel's normal hourly rate. It seems reasonable to reduce the effective hourly rate to $850.00. Plaintiff's Counsel will be awarded $24,896.38 [1] in attorney's fees. From that amount counsel will be directed to reimburse Plaintiff $4326.38.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

Thomas D. Sutton, Esquire, is awarded attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $24,896.38. Upon receipt of this fee, counsel will reimburse the Plaintiff the $4,326.38 previously awarded in fees pursuant to the Equal Access to Justice Act. The Commissioner shall pay the attorney's fees to Plaintiff's counsel within 30 days of the date hereof from the $33,853.00 withheld by the Commissioner for attorney's fees from the $135,000 in retroactive Social Security disability benefits awarded Plaintiff.

---

1. This amount was calculated as follows: ($850.00 × 24.2 hours) + $4326.38 = $24,896.38.